# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

**NORMA I. WINFFEL, Individually and
as Personal Representative of the Estate
of MALCOM WINFFEL**
4552 Seths Folly Drive
Monrovia, Maryland  21770

**And**

**BRANDON WINFFEL**
4552 Seths Folly Drive
Monrovia, Maryland  21770

**And**

**KAYLA WINFFEL**
4552 Seths Folly Drive
Monrovia, Maryland  21770

**And**

**JULIA RODRIGUEZ**
22800 Sweet Shrub Drive, Apt. 413
Clarksburg, MD 20871

**And**

**ALEJANDRO WINFFEL**
22800 Sweet Shrub Drive, Apt. 413
Clarksburg, MD 20871

**And**

**CARL UNGER**
5902 31st Avenue, Apt. 214
Hyattsville, Maryland  20782

**And**

**VIRGINIA HENDERSON**
5902 31st Avenue, Apt. 214
Hyattsville, Maryland  20782

**Plaintiffs,**

**v.**

**WESTFIELD, LLC**
1209 Orange Street
Wilmington, Delaware 19801

**Serve:**

The Corporation Trust, Inc.
2405 York Road, Suite 201
Lutherville Timonium, Maryland 21093

**And**

**MONTGOMERY MALL OWNER, LLC**
2049 Century Park East, 41st Floor
Los Angeles, California 90067

**Serve:**

The Corporation Trust, Inc.
2405 York Road, Suite 201
Lutherville Timonium, Maryland 21093

**And**

**PROFESSIONAL SECURITY
CONSULTANTS**
11454 San Vicente Boulevard
Los Angeles, CA 90049

**Serve:** Moshe Alon
11454 San Vicente Boulevard
Los Angeles, California 90049

**And**

**PROFESSIONAL SECURITY
CONCEPTS, INC.**
11454 San Vicente Boulevard
Los Angeles, CA 90049

**Serve:**  Moshe Alon
11454 San Vicente Boulevard
Los Angeles, California 90049

**Defendants.**

---

## COMPLAINT

**COME NOW** the Plaintiffs, Norma I. Winffel, individually and as personal representative of the Estate of Malcom Winffel; Brandon Winffel; Kayla Winffel; Julia Rodriguez; Alejandro Winffel; Carl Unger; and Virginia Henderson, by and through their attorneys, Ronald A. Karp, Esq., Demosthenes Komis, Esq., Zachary King, Esq., of the law firm of Karp, Wigodsky, Norwind, Kudel & Gold, P.A., and state the following causes of action against Defendants Westfield, LLC, Montgomery Mall Owner, LLC, Professional Security Consultants and Professional Security Concepts, Inc.:

### JURISDICTION, PARTIES and FACTUAL BACKGROUND

1.      This cause of action arose on May 6, 2016, when Malcom Winffel and Carl Unger were shot by Eulalio Tordil (hereinafter referred to as "Mr. Tordil") in the parking lot of the Westfield Montgomery Mall (hereinafter referred to as "the mall") in Montgomery County, Maryland. Mr. Tordil killed Mr. Winffel and seriously injured Mr. Unger.

2.      At all relevant times up to and including his death, the Decedent, Malcom Winffel (hereinafter referred to as "Mr. Winffel"), resided in Boyds, Maryland.

3.      Plaintiff Norma I. Winffel is the wife of the deceased Mr. Winffel and is the duly appointed personal representative of his Estate.   She brings this action as the Estate Representative and also individually on her own behalf.   She is a resident of Monrovia, Maryland.

4.     Plaintiff Brandon Winffel, an adult, is the son of the deceased Mr. Winffel and Norma I. Winffel.  He is a resident of Monrovia, Maryland.

5.     Plaintiff Kayla Winffel, an adult, is the daughter of the deceased Mr. Winffel and Norma I. Winffel.  She is a resident of Monrovia, Maryland.

6.     Plaintiffs Julia Rodriguez and Alejandro Winffel are the surviving parents of the deceased Mr. Winffel. They are residents of Clarksburg, Maryland.

7.     Upon information and belief, there are no other persons who are or may be entitled by law to damages by reason of the wrongful death of Mr. Winffel.

8.     Plaintiff Carl Unger (hereinafter referred to as "Mr. Unger") is an adult residing in Hyattsville, Maryland.

9.     Plaintiff Virginia Henderson is an adult residing in Hyattsville, Maryland.

10.    At all relevant times, Mr. Unger and Virginia Henderson were and remain married.

11.    Upon information and belief, Defendant Westfield, LLC (hereinafter referred to as "Westfield") was, at all material times, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

12.    Upon further information and belief, at the time of the occurrence that is the subject of this lawsuit (hereinafter referred to as "the occurrence"), Westfield was an owner and operator of the mall, which included the parking lot where the occurrence took place (hereinafter referred to as "the parking lot").

13.    Upon information and belief, Defendant Montgomery Mall Owner, LLC (hereinafter referred to as "Montgomery Mall") was, at all material times, a corporation

organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles, California.

14.     Upon information and belief, at the time of the occurrence, Montgomery Mall was an owner and operator of the mall, which included the parking lot.

15.     Upon information and belief, Defendant Professional Security Consultants (hereinafter referred to as "PSC") is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California.

16.     PSC specializes in providing security services to malls, government municipalities, hotels and private communities.

17.     Upon information and belief, at all relevant times, Westfield or Montgomery Mall, or both, had contracted with PSC to provide security for the mall.

18.     Upon information and belief, PSC was responsible for providing security for the mall at the time of the occurrence.

19.     Upon information and belief, Defendant Professional Security Concepts, Inc. (hereinafter referred to as "PS Concepts") is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California.

20.     PS Concepts specializes in providing security services to malls, government municipalities, hotels and private communities.

21.     Upon information and belief, at all relevant times, Westfield or Montgomery Mall, or both, had contracted with PS Concepts to provide security for the mall.

22.     Upon information and belief, PS Concepts was responsible for providing security for the mall at the time of the occurrence.

23.     Upon information and belief, PSC and PS Concepts were both owned and operated by Moshe Alon at the time of the occurrence.

24.     Subject matter jurisdiction in this action is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiffs are citizens of the State of Maryland.  Defendants are corporations organized and existing under the laws of the States of Delaware and California with principal places of business in the States of Delaware and California.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

25.     Venue is proper in this District Court pursuant to 28 U.S.C. §§ 100 and 1391 (b) (2), as the events or omissions giving rise to this claim occurred within this judicial district.

26.     On or about Thursday, May 5, 2016, at approximately 4:38 p.m., Eulalio Tordil shot and killed his wife at High Point High School on Powder Mill Road in Prince George's County, Maryland.  He was identified as the shooter but he fled the scene.

27.     Upon information and belief, a manhunt was subsequently launched and a warrant was issued for Mr. Tordil's arrest.

28.     Upon information and belief, the Prince George's County police department put out a lookout for Mr. Tordil's vehicle.

29.     Mr. Tordil drove around all night long as the news spread that he had committed the murder.

30.     The news was widely disseminated on television, radio and newspapers that there was a shooter at large.  Mr. Tordil's description and photograph were broadcast to the public.

31.     All of Montgomery County was on high alert.

32.     Mr. Tordil's license plate was picked up by license plate readers in multiple jurisdictions around the D.C. Metro area.   He never left the area.   Police suspected he was looking for a car to steal so that he could make his escape.

33.     At the time of the occurrence, the mall was one of the busiest malls -with one of the largest parking lots - in all of Montgomery County.

34.     The mall was, and continues to be, located in close proximity to Interstate-495 – a major highway that, in part, services traffic between Prince George's and Montgomery counties.

35.     On the morning of May 6, 2016, Mr. Tordil entered the parking lot with the intention of stealing a car.

36.     Mr. Tordil approached a woman in the parking lot near her vehicle, and she ran screaming towards Mr. Winffel and Mr. Unger, who were walking through the parking lot towards the mall's entrance to have lunch in the food court.

37.     As the woman ran toward Messrs. Winffel and Unger, Mr. Tordil shot them.

38.     Mr. Tordil shot Mr. Winffel twice in the chest.   Mr. Winffel went into cardiac arrest at the scene.   He was subsequently transported to Suburban Hospital, where he died.

39.     Mr. Tordil shot and seriously injured Mr. Unger.   Mr. Unger was shot three times in the back and once in the foot.

40.     Mr. Tordil subsequently fled the parking lot and traveled to Aspen Hill, Maryland, where he shot and killed another individual before being apprehended by police.

41.     Mr. Tordil subsequently pleaded guilty to the crimes described above and is currently in jail.

## COUNT I-WESTFIELD and MONTGOMERY MALL
### (Wrongful Death of Malcom Winffel)

42.     Plaintiffs Norma I. Winffel, Brandon Winffel, Kayla Winffel, Julia Rodriguez and Alejandro Winffel re-allege and incorporate by reference herein paragraphs 1-41 of this Complaint.

43.     At all relevant times, Mr. Winffel was an invitee of the mall and of Westfield or Montgomery Mall, or both, and was lawfully on the mall's premises.

44.     At all relevant times, Westfield or Montgomery Mall, or both, as owners and operators of the mall, owed a non-delegable duty to Mr. Winffel, its invitee, to use reasonable and ordinary care to keep the premises in a safe condition and to protect him against dangers of which Westfield or Montgomery Mall, or both, were aware of, or which, through the exercise of reasonable care, could have been discovered.  This duty owed by Westfield or Montgomery Mall, or both, included the duties to protect Mr. Winffel from foreseeable harm caused by a third party and to coordinate security at the mall with PSC or PS Concepts, or both.

45.     Westfield or Montgomery Mall, or both, had actual or constructive notice that Mr. Winffel was at an unreasonable risk of injury while on its premises.

46.     Westfield or Montgomery Mall, or both, knew, or should have known, that Mr. Winffel was endangered in the parking lot.

47.     Westfield or Montgomery Mall, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Winffel based upon Mr. Tordil's May 5, 2016 shooting in a neighboring county and subsequent evasion from law enforcement for nearly eighteen (18) hours while being armed and dangerous.

48.     Westfield or Montgomery Mall, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Winffel based upon the history of prior criminal activity in and around the mall.

49.     Westfield or Montgomery Mall, or both, also knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Winffel based upon Mr. Tordil's conduct upon entering the parking lot, which included accosting another mall patron while attempting to steal her vehicle.

50.     Westfield or Montgomery Mall, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Winffel based upon news reports that published Mr. Tordil's photograph as well as a description of Mr. Tordil and his vehicle.

51.     Westfield or Montgomery Mall, or both, had a duty to protect Mr. Winffel from the criminal conduct of Mr. Tordil, because Westfield or Montgomery Mall, or both, were, or should have been, aware of Mr. Tordil's criminal conduct the day before, his subsequent evasion from law enforcement, his criminal conduct upon entering the parking lot, the prior history of criminal activity in and around the mall, and news reports that published Mr. Tordil's photograph as well as a description of Mr. Tordil and his vehicle.

52.     Westfield or Montgomery Mall, or both, should have anticipated that Mr. Winffel would not have realized the danger posed by Mr. Tordil and that he would not have been able to protect himself from the danger posed by Mr. Tordil.

53.     Westfield or Montgomery Mall, or both, breached their non-delegable duty of safety to protect Mr. Winffel, an invitee on their property, from harm caused by Mr. Tordil by:

      a.     Failing to provide adequate security for invitees at the mall;

b.   Failing to adequately-staff the mall and the parking lot with security guards;

c.   Failing to alert its security employees about a shooter (Mr. Tordil) at large;

d.   Failing to inform its security employees to be on the lookout for a shooter (Mr. Tordil) at large;

e.   Failing to provide a description of Mr. Tordil and/or his vehicle to all security employees;

f.   Failing to provide a visible security deterrent in the parking lot;

g.   Failing to have security vehicles patrolling the parking lot;

h.   Failing to actively monitor video surveillance of the parking lot;

i.   Failing to set up rings of protection that would have been able to identify Mr. Tordil and/or his vehicle once he entered the premises.

j.   Failing to take reasonable steps to protect the safety of their invitees, including but not limited to, conducting precautionary and planning meetings once the news that Mr. Tordil was at large, to detect his presence, deter his presence, and prevent him from causing harm to invitees.

k.   Failing to coordinate security at the mall with PSC or PS Concepts, or both.

Westfield or Montgomery Mall, or both, were negligent in other ways.

54.   As a direct and proximate result of the negligence of Westfield or Montgomery Mall, or both, and of Mr. Winffel's death, his wife, Plaintiff Norma I. Winffel, his two children,

Plaintiffs Brandon Winffel and Kayla Winffel, and his parents, Julia Rodriguez and Alejandro Winffel, have suffered and will suffer grief, mental anguish, emotional pain and suffering, and the loss of society, companionship, comfort, protection, care, attention, advice, counsel, and guidance. They have sustained and will sustain pecuniary loss including lost financial support and other contributions, and the reasonable value of services Mr. Winffel would have provided. Plaintiffs Norma I. Winffel, Brandon Winffel, Kayla Winffel, Julia Rodriguez and Alejandro Winffel have been damaged in other ways.

### COUNT II-WESTFIELD and MONTGOMERY MALL
### (Survival Action as to Malcom Winffel)

55.     The Plaintiff Norma I. Winffel, as Personal Representative of the Estate of Malcom Winffel, re-alleges and incorporates by reference paragraphs 1 - 54 of this Complaint.

56.     As a direct and proximate result of the negligence of Westfield or Montgomery Mall, or both, the decedent Malcom Winffel suffered conscious pain and suffering, anxiety, fright, and loss of consciousness prior to his death. As a further result of the aforesaid negligence, Malcom Winffel's Estate incurred medical and funeral expenses. Malcom Winffel's Estate has been damaged in other ways.

### COUNT III-WESTFIELD and MONTGOMERY MALL
### (Negligence as to Carl Unger)

57.     Plaintiff Carl Unger re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

58.     At the time of the occurrence, Mr. Unger was an invitee of the mall and of Westfield or Montgomery Mall, or both, and was lawfully on the mall's premises.

59.     At all relevant times, Westfield or Montgomery Mall, or both, as owners and operators of the mall, owed a non-delegable duty to Mr. Unger, their invitee, to use reasonable

and ordinary care to keep the premises in a safe condition and to protect him against dangers of which Westfield or Montgomery Mall, or both, were aware of, or which, through the exercise of reasonable care, could have been discovered.   This duty owed by Westfield or Montgomery Mall, or both, included the duty to protect Mr. Unger from foreseeable harm caused by a third party.

60.     Westfield or Montgomery Mall, or both, had actual or constructive notice that Mr. Unger was at an unreasonable risk of injury while on its premises.

61.     Westfield or Montgomery Mall, or both, knew, or should have known, that Mr. Unger was endangered in the parking lot.

62.     Westfield or Montgomery Mall, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Unger based upon Mr. Tordil's May 5, 2016 shooting in a neighboring county and subsequent evasion from law enforcement for nearly eighteen (18) hours while being armed and dangerous.

63.     Westfield or Montgomery Mall, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Unger based upon the history of prior criminal activity in and around the mall.

64.     Westfield or Montgomery Mall, or both, also knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Unger based upon Mr. Tordil's conduct upon entering the parking lot, which included accosting another mall patron while attempting to steal her vehicle.

65.     Westfield or Montgomery Mall, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Unger based upon news reports that published Mr. Tordil's photograph as well as a description of Mr. Tordil and his vehicle.

66.   Westfield or Montgomery Mall, or both, had a duty to protect Mr. Unger from the criminal conduct of Mr. Tordil, because Westfield or Montgomery Mall, or both, were, or should have been, aware of Mr. Tordil's criminal conduct the day before, his subsequent evasion from law enforcement, his criminal conduct upon entering the parking lot, the prior history of criminal activity in and around the mall, and news reports that published Mr. Tordil's photograph as well as a description of Mr. Tordil and his vehicle.

67.   Westfield or Montgomery Mall, or both, should have anticipated that Mr. Unger would not have realized the danger posed by Mr. Tordil and that he would not have been able to protect himself from the danger posed by Mr. Tordil.

68.   Westfield or Montgomery Mall, or both, breached their non-delegable duty of safety to protect Mr. Unger, an invitee on their property, from harm caused by Mr. Tordil by:

a.   Failing to provide adequate security for invitees at the mall;

b.   Failing to adequately staff the mall and the parking lot with security guards;

c.   Failing to alert its security employees about a shooter (Mr. Tordil) at large;

d.   Failing to inform its security employees to be on the lookout for a shooter (Mr. Tordil) at large;

e.   Failing to provide a description of Mr. Tordil and/or his vehicle to all security employees;

f.   Failing to provide a visible security deterrent in the parking lot;

g.   Failing to have security vehicles patrolling the parking lot;

h.   Failing to actively monitor video surveillance of the parking lot;

i.   Failing to set up rings of protection that would have been able to identify Mr. Tordil and/or his vehicle once he entered the premises.

j.   Failing to take reasonable steps to protect the safety of their invitees, including but not limited to, conducting precautionary and planning meetings once the news that Mr. Tordil was at large, to detect his presence, deter his presence, and prevent him from causing harm to invitees.

k.   Failing to coordinate security at the mall with PSC or PS Concepts, or both.

Westfield or Montgomery Mall, or both, were negligent in other ways.

69.   As a direct and proximate result of the negligence of Westfield or Montgomery Mall, or both, Mr. Unger was shot three times in the back and once in the foot, sustaining severe injuries, including, but not limited to, multiples fractures of his ribs and bones in his right foot. He has had to endure multiple surgical procedures, including extensive life-saving surgery at the shock trauma unit of Suburban Hospital. He has incurred and will in the future incur medical, hospital, therapy, and other expenses for the care and treatment of his injuries. He has suffered, and will in the future suffer pain and permanent disability. He has lost, and will in the future lose income, and he has suffered a permanent impairment of his future earning capacity. Mr. Unger has been damaged in other ways.

## COUNT IV-WESTFIELD and MONTGOMERY MALL
### (Loss of Consortium as to Carl Unger and Virginia Henderson)

70.   The Plaintiffs Carl Unger and Virginia Henderson re-allege and incorporate by reference herein paragraphs 1 through 41 and 57-69 of this Complaint.

71.   At all relevant times Mr. Unger and Virginia Henderson were and remain married

and residing together at their residence in Hyattsville, Maryland.

72.     As a direct and proximate result of the negligence of Westfield or Montgomery Mall, or both, and the injuries to Plaintiff Carl Unger (Count III), the Plaintiffs Carl Unger and Virginia Henderson have suffered and in the future will suffer damage to their marital relationship including loss of consortium, companionship, affection, assistance, services, and economic losses.

**COUNT V – PSC and PS CONCEPTS**
**(Wrongful Death of Malcom Winffel)**

73.     Plaintiffs Norma I. Winffel, Brandon Winffel, Kayla Winffel, Julia Rodriguez and Alejandro Winffel re-allege and incorporate by reference herein paragraphs 1-41 of this Complaint.

74.     At all relevant times, Mr. Winffel was an invitee of the mall and of Westfield or Montgomery Mall, or both, and was lawfully on the mall's premises.

75.     PSC or PS Concepts, or both, along with Westfield or Montgomery Mall, or both, owed a duty to protect Mr. Winffel and other patrons from the risk of physical harm caused by third parties.

76.     PSC or PS Concepts, or both, had actual or constructive notice that Mr. Winffel was at an unreasonable risk of injury while at the mall.

77.     PSC or PS Concepts, or both, knew, or should have known, that Mr. Winffel was endangered in the parking lot.

78.     PSC or PS Concepts, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Winffel based upon Mr. Tordil's May 5, 2016 shooting in a neighboring county and subsequent evasion from law enforcement for nearly eighteen (18) hours while being armed and dangerous.

79.     PSC or PS Concepts, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Winffel based upon the history of prior criminal activity in and around the mall.

80.     PSC or PS Concepts, or both, also knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Winffel based upon Mr. Tordil's conduct upon entering the parking lot, which included accosting another mall patron while attempting to steal her vehicle.

81.     PSC or PS Concepts, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Winffel based upon news reports that published Mr. Tordil's photograph as well as a description of Mr. Tordil and his vehicle.

82.     PSC or PS Concepts, or both, along with Westfield or Montgomery Mall, or both, had a duty to protect Mr. Winffel from the criminal conduct of Mr. Tordil, because PSC or PS Concepts, or both, was, or should have been, aware of Mr. Tordil's criminal conduct the day before, his subsequent evasion from law enforcement, his criminal conduct upon entering the parking lot, the prior history of criminal activity in and around the mall, and news reports that published Mr. Tordil's photograph as well as a description of Mr. Tordil and his vehicle.

83.     PSC or PS Concepts, or both, should have anticipated that Mr. Winffel would not have realized the danger posed by Mr. Tordil and that he would not have been able to protect himself from the danger posed by Mr. Tordil.

84.     PSC or PS Concepts, or both, acting individually or concurrently with Westfield or Montgomery Mall, or both, breached their duty of safety to protect Mr. Winffel, an invitee and mall patron, from harm caused by Mr. Tordil by:

        a.      Failing to provide adequate security for invitees at the mall;

b.      Failing to adequately staff the mall and the parking lot with security guards;

c.      Failing to alert its security employees about a shooter (Mr. Tordil) at large;

d.      Failing to inform its security employees to be on the lookout for a shooter (Mr. Tordil) at large;

e.      Failing to provide a description of Mr. Tordil and/or his vehicle to all security employees;

f.      Failing to provide a visible security deterrent in the parking lot;

g.      Failing to have security vehicles patrolling the parking lot;

h.      Failing to actively monitor video surveillance of the parking lot;

i.      Failing to set up rings of protection that would have been able to identify Mr. Tordil and/or his vehicle once he entered the premises.

j.      Failing to take reasonable steps to protect the safety of the mall's invitees, including but not limited to, conducting precautionary and planning meetings once the news that Mr. Tordil was at large, to detect his presence, deter his presence, and prevent him from causing harm to invitees.

k.      Failing to coordinate security at the mall with Westfield or Montgomery Mall, or both.

PSC or PS Concepts, or both, acting individually or acting concurrently with Westfield or Montgomery Mall, or both, were negligent in other ways.

85.     As a direct and proximate result of the individual negligence of PSC or PS Concepts, or both, acting concurrently with the negligence of Westfield or Montgomery Mall, or both, and of Mr. Winffel's death, his wife, Plaintiff Norma I. Winffel, his two children, Plaintiffs Brandon Winffel and Kayla Winffel, and his parents, Julia Rodriguez and Alejandro Winffel, have suffered and will suffer grief, mental anguish, emotional pain and suffering, and the loss of society, companionship, comfort, protection, care, attention, advice, counsel, and guidance. They have sustained and will sustain pecuniary loss including lost financial support and other contributions, and the reasonable value of services the Decedent would have provided.  Plaintiffs Norma I. Winffel, Brandon Winffel, Kayla Winffel, Julia Rodriguez and Alejandro Winffel have been damaged in other ways.

## COUNT VI-PSC AND PS CONCEPTS
### (Survival Action as to Malcom Winffel)

86.     The Plaintiff Norma I. Winffel, as Personal Representative of the Estate of Malcom Winffel, re-alleges and incorporates by reference herein paragraphs 1 – 41 and 73-85 of this Complaint.

87.     As a direct and proximate result of the individual negligence of PSC or PS Concepts, or both, or of the negligence of PSC or PS Concepts, or both,  acting concurrently with the negligence of Westfield or Montgomery Mall, or both, the decedent Malcom Winffel suffered conscious pain and suffering, anxiety, fright, and loss of consciousness prior to his death.  As a further result of the aforesaid negligence, Malcom Winffel's Estate incurred medical and funeral expenses.  Malcom Winffel's Estate has been damaged in other ways.

## COUNT VII –PSC and PS CONCEPTS
### (Negligence as to Carl Unger)

88.     Plaintiff Carl Unger re-alleges and incorporates by reference herein paragraphs 1

through 41 of this Complaint.

89.     At all relevant times, Mr. Unger was an invitee of the mall and of Westfield or Montgomery Mall, or both, and was lawfully on the mall's premises.

90.     PSC or PS Concepts, or both, along with Westfield or Montgomery Mall, or both, owed a duty to protect Mr. Unger and other patrons from the risk of physical harm caused by third parties.

91.     PSC or PS Concepts, or both, had actual or constructive notice that Mr. Unger was at an unreasonable risk of injury while at the mall.

92.     PSC or PS Concepts, or both, knew, or should have known, that Mr. Unger was endangered in the parking lot.

93.     PSC or PS Concepts, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Unger based upon Mr. Tordil's May 5, 2016 shooting in a neighboring county and subsequent evasion from law enforcement for nearly eighteen (18) hours while being armed and dangerous.

94.     PSC or PS Concepts, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Unger based upon the history of prior criminal activity in and around the mall.

95.     PSC or PS Concepts, or both, also knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Unger based upon Mr. Tordil's conduct upon entering the parking lot, which included accosting another mall patron while attempting to steal her vehicle.

96.     PSC or PS Concepts, or both, knew, or should have known, of the foreseeable danger posed by Mr. Tordil to Mr. Unger based upon news reports that published Mr. Tordil's photograph as well as a description of Mr. Tordil and his vehicle.

97.     PSC or PS Concepts, or both, along with Westfield or Montgomery Mall, or both, had a duty to protect Mr. Unger from the criminal conduct of Mr. Tordil, because PSC or PS Concepts, or both, were, or should have been, aware of Mr. Tordil's criminal conduct the day before, his subsequent evasion from law enforcement, his criminal conduct upon entering the parking lot, the prior history of criminal activity in and around the mall, and news reports that published Mr. Tordil's photograph as well as a description of Mr. Tordil and his vehicle.

98.     PSC or PS Concepts, or both, should have anticipated that Mr. Unger would not have realized the danger posed by Mr. Tordil and that he would not have been able to protect himself from the danger posed by Mr. Tordil.

99.     PSC or PS Concepts, or both, acting individually or concurrently with Westfield or Montgomery Mall, or both,  breached their duty of safety to protect Mr. Unger, an invitee and mall patron, from harm caused by Mr. Tordil by:

    a.     Failing to provide adequate security for invitees at the mall;

    b.     Failing to adequately staff the mall and the parking lot with security guards;

    c.     Failing to alert its security employees about a shooter (Mr. Tordil) at large;

    d.     Failing to inform its security employees to be on the lookout for a shooter (Mr. Tordil) at large;

e.     Failing to provide a description of Mr. Tordil and/or his vehicle to all security employees;

f.     Failing to provide a visible security deterrent in the parking lot;

g.     Failing to have security vehicles patrolling the parking lot;

h.     Failing to actively monitor video surveillance of the parking lot;

i.     Failing to set up rings of protection that would have been able to identify Mr. Tordil and/or his vehicle once he entered the premises.

j.     Failing to take reasonable steps to protect the safety of the mall's invitees, including but not limited to, conducting precautionary and planning meetings once the news that Mr. Tordil was at large, to detect his presence, deter his presence, and prevent him from causing harm to invitees.

k.     Failing to coordinate security at the mall with Westfield or Montgomery Mall, or both.

PSC or PS Concepts, or both, acting individually or acting concurrently with Westfield or Montgomery Mall, or both, were negligent in other ways.

100.   As a direct and proximate result of the individual negligence of PSC or PS Concepts, or both, or of the negligence of PSC or PS Concepts, or both, acting concurrently with the negligence of Westfield or Montgomery Mall, or both, Mr. Unger was shot three times in the back and once in the foot, sustaining severe injuries, including, but not limited to, multiples fractures of his ribs and bones in his right foot. He has had to endure multiple surgical procedures, including extensive life-saving surgery at the shock trauma unit of Suburban

Hospital. He has incurred and will in the future incur medical, hospital, therapy, and other expenses for the care and treatment of his injuries. He has suffered, and will in the future suffer pain and permanent disability. He has lost, and will in the future lose income, and he has suffered a permanent impairment of his future earning capacity. Mr. Unger has been damaged in other ways.

## COUNT VIII-PROFESSIONAL SECURITY CONSULTANTS
### (Loss of Consortium as to Carl Unger and Virginia Henderson)

101.     The Plaintiffs Carl Unger and Virginia Henderson re-allege and incorporate by reference paragraphs 1-41 and 88-100 of this Complaint.

102.     At all relevant times Mr. Unger and Virginia Henderson were and remain married and residing together at their residence in Hyattsville, Maryland.

103.     As a direct and proximate result of the individual negligence of PSC or PS Concepts, or both, or of the negligence of PSC or PS Concepts, or both, acting concurrently with the negligence of Westfield or Montgomery Mall, or both, and of the injuries to Plaintiff Carl Unger (Count VII), the Plaintiffs Carl Unger and Virginia Henderson have suffered and in the future will suffer damage to their marital relationship including loss of consortium, companionship, affection, assistance, services, and economic losses.

## PRAYER FOR RELIEF FOR COUNTS I AND V

**WHEREFORE,** Plaintiffs Norma I. Winffel, Brandon Winffel, Kayla Winffel, Julia Rodriguez and Alejandro Winffel jointly demand judgment against Defendants Westfield, LLC, Montgomery Mall Owner, LLC, Professional Security Consultants, and Professional Security Concepts, Inc., jointly and severally, for compensatory damages in the amount of five million dollars ($5,000,000), plus interest and costs, and any and all other relief to which they may be entitled.

## PRAYER FOR RELIEF FOR COUNTS II AND VI

**WHEREFORE,** Plaintiff Norma I. Winffel, as Personal Representative of the Estate of

Malcom Winffel, demands judgment against Defendants Westfield, LLC, Montgomery Mall

Owner, LLC, Professional Security Consultants, and Professional Security Concepts, Inc., jointly

and severally, for compensatory damages in the amount of two million dollars ($2,000,000), plus

interest and costs, and any and all other relief to which she may be entitled.

## PRAYER FOR RELIEF FOR COUNTS III AND VII

**WHEREFORE,** Plaintiff Carl Unger demands judgment against Defendants Westfield,

LLC, Montgomery Mall Owner, LLC, Professional Security Consultants, and Professional

Security Concepts, Inc., jointly and severally, for compensatory damages in the amount of three

million dollars ($3,000,000), plus interest and costs, and any and all other relief to which he may

be entitled.

## PRAYER FOR RELIEF FOR COUNTS IV AND VIII

**WHEREFORE,** Plaintiffs Carl Unger and Virginia Henderson jointly demand judgment

against Defendants Westfield, LLC, Montgomery Mall Owner, LLC, Professional Security

Consultants, and Professional Security Concepts, Inc., jointly and severally, for compensatory

damages in the amount of one million dollars ($1,000,000) plus interest and costs, and any and

all other relief to which they may be entitled.

Respectfully submitted,

**KARP, WIGODSKY, NORWIND &
GOLD, P.A.**


  /S/ Ronald A. Karp
Ronald A. Karp, Bar No. 01015
lnorwind@karplawfirm.net

/S/ Demosthenes Komis
Demosthenes Komis, Bar No. 30147
dkomis@karplawfirm.net


/S/ Zachary King
Zachary King, Bar No. 18040
zking@karplawfirm.net

2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
301-948-3800 – phone
301-948-5449 – fax
**Counsel for the Plaintiffs**

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury on all issues so triable in this action.


/S/ Ronald A. Karp
Ronald A. Karp